IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.M.C.,[1]

      **Plaintiff,**

v.

                                  Case No. 21-1276-DDC

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff's attorney has filed an "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 14). The motion asks the court to award $3,000 in attorney's fees under 28 U.S.C. § 2412. *See id.* at 1. The government doesn't oppose the requested fee award. *See id.* (reciting that defendant "has no objection to the award and has stipulated to the amount"). But the court must deny the motion (but without prejudice), as explained below.

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The court has a duty to review the reasonableness of a request for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court should allow fees for "all hours

---

[1]     The court uses plaintiff's initials here as part of its efforts to preserve privacy interests.

reasonably expended on the litigation[.]" *Id.* at 435.  Hours are reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)).  Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)).  Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors.  28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993)).

Here, the court finds—and the parties don't dispute—that plaintiff is a prevailing party in a civil action against the United States and thus is entitled to fees and expenses incurred.[2]  After reviewing the file, the court concludes that plaintiff was a prevailing party in a social security appeal against the United States.  Doc. 1 at 1; Doc. 13.  In light of this success, plaintiff's attorney asks the court to award her a fee of $3,000.  But she fails to explain how she arrived at that number.

The "party seeking attorney fees bears the burden of proving that [the] request is reasonable and must 'submit evidence supporting the hours worked.'" *Martin v. Colvin*, 198 F. Supp. 3d 1248, 1251 (D. Kan. 2016) (quoting *Hensley*, 461 U.S. at 434).  Plaintiff's counsel hasn't adduced any evidence about the hours she worked.  The motion is sparse—so sparse, unfortunately, that the court cannot fulfill its duty to review the reasonableness of the request.  The court thus denies the motion without prejudice.

---

[2]  The United States does not argue that its position was substantially justified, so the court need not address this question.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 14) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 28th day of June, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree
United States District Judge**