IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.M.C.,[1]

      Plaintiff,

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

      Defendant.

Case No. 21-1276-DDC

## MEMORANDUM AND ORDER

Plaintiff's attorney has filed an "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 17). The motion asks the court to award $3,000 in attorney's fees under 28 U.S.C. § 2412. *See id.* at 1. The government doesn't oppose the requested fee award. *See id.* (reciting that defendant "has no objection to the award and has stipulated to the amount"). Finding this amount reasonable and because the motion is unopposed, the court grants the request.

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The court has a duty to review the reasonableness of a request for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court should allow fees for "all hours

---

[1]    The court uses plaintiff's initials here as part of its efforts to preserve privacy interests.

reasonably expended on the litigation[.]" *Id.* at 435.  Hours are reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)).  Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)).  Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors.  28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993)).

Here, the court finds—indeed, the parties don't dispute—that plaintiff is a prevailing party in a civil action against the United States and thus is entitled to fees and expenses incurred.[2]  After reviewing the case's file, the court concludes that plaintiff was a prevailing party in a social security appeal against the United States.  Doc. 1 at 1; Doc. 13.  Also, the court finds that plaintiff requests attorney's fees for hours reasonably expended on the litigation.  Doc. 17-3 (detailing the 14.3 hours that plaintiff's counsel spent on the case).

But the motion's hourly rate calculations give the court pause.  Plaintiff's counsel provided the court with an itemized invoice that shows she spent 14.3 hours on this case.  *Id.* And plaintiff's counsel calculated her hourly rate using the statutory maximum hourly rate of $125, multiplied by the annual consumer price index ("CPI") for the South Region, and divided by the CPI for the month when the statutory cap was imposed (Mar. 1996).  *See* Doc. 17-1 at 4;

---

[2]     The United States hasn't argued that its position was substantially justified—and this motion is unopposed—so the court need not address this question.

Doc. 17-2 at 2. She calculated a 2021 EAJA rate of $214 per hour.[3] Doc. 17-1 at 4. Her invoice uses this 2021 EAJA rate of $214 per hour and calculates a total reimbursement due of $3,060.20. Doc. 17-3.

The court concludes that plaintiff's counsel used the wrong CPI table. This court "routinely" uses the *Midwest* Region CPI to calculate the cost of living adjustment to the $125 statutory cap.[4] *See, e.g.*, *Southern*, 2021 WL 5493073, at *2; *Barnett v. Saul*, No. 19-2675-JWL, 2020 WL 7388611, at *3 (D. Kan. Dec. 16, 2020). Calculating plaintiff's rate using the proper table results in a 2021 EAJA annual rate of $207.85 per hour.[5] Multiplying this rate by plaintiff's counsel's 14.3 hours results in a total reimbursement due of $2,972.26. This amount is, of course, just shy of the $3,000 that plaintiff's counsel requests. Nonetheless, the court finds that the attorney billed her hours at a reasonable hourly rate because the $27.74 difference is nominal. And, critically, the United States has stipulated to this fee amount.

For these reasons, the court grants plaintiff's unopposed request for attorney's fees.

---

[3] The court notes that plaintiff's counsel used the 2021 annual CPI from the South region to calculate a rate for she assigns to both her 2021 and 2022 work. So, when calculating the Midwest region rate, the court also uses the 2021 annual CPI. *See infra* n.5; *see also CPI for All Urban Consumers (CPI-U) for Midwest*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0200SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited July 7, 2022).

[4] Indeed, the Bureau of Labor Statistics assigns Kansas to the Midwest region for its CPI data. *See Consumer Price Index Regional Resources*, U.S. Bureau of Labor Statistics, https://www.bls.gov/cpi/regional-resources.htm (last visited July 7, 2022).

[5] Plaintiff's counsel used proportions to arrive at her $214 per hour and the court used the same methodology to arrive at this number. *Cf.* Doc. 17-2 at 2.

The court shows its work here: $$\frac{\$125 \ (1996 \ EAJA \ rate)}{151.7 \ (Midwest \ CPI \ March \ 1996)} = \frac{x}{252.242 \ (Midwest \ CPI \ Annual \ 2021)}$$

x = $207.85

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 17) is granted. Under 28 U.S.C. § 2412, plaintiff is granted attorney's fees in the amount of $3,000. The check should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
